RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0985-MR

JAMES HALLON SHELL                                             APPELLANT

APPEAL FROM CASEY CIRCUIT COURT
v.      HONORABLE JUDY VANCE MURPHY, JUDGE
ACTION NO. 18-CR-00089

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: James Hallon Shell ("Appellant") appeals from a judgment and sentence rendered by the Casey Circuit Court. Appellant argues that the trial court improperly failed to continue the trial or exclude evidence when the Commonwealth introduced new evidence the morning of trial, that Appellant was improperly denied his right to a fair trial and impartial jury, and that the trial court

erred in allowing the introduction of a video containing hearsay and improper opinion. For the reasons addressed below, we reverse the judgment on appeal and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

As part of the governor's Marijuana Eradication Task Force, Kentucky State Trooper David Long was flying over Casey County, Kentucky in a helicopter on July 10, 2018, when he observed a person cutting down a tree in what appeared to be a marijuana patch. The marijuana was located on property situated on Bryant Ridge Road which included a trailer, outbuilding, and shed.

The helicopter landed on adjacent property and Trooper Long made contact with Appellant who was walking up a trail on the property towards the trailer while carrying a chainsaw. Marijuana plants were present around the trailer and in the area where he was observed cutting down the tree. Kentucky State Police Detective Clint Walker arrived and questioned Appellant. Appellant denied knowing anything about the marijuana plants. Appellant stated that he had slept in the outbuilding the prior evening, and that his daughter sometimes stayed in the trailer. Detective Walker observed that the property was littered with materials and supplies for growing marijuana including seed trays, potting soil, fertilizer, irrigation tubing, straw, and cups pre-filled with potting soil. Marijuana plants

were visible throughout the property including next to the outbuilding where Appellant said he slept.

Detective Walker and others pulled up 409 marijuana plants on the property. Appellant subsequently was indicted by a Casey County grand jury and charged with cultivating marijuana of more than five plants and with being a persistent felony offender in the first degree.[1]

The matter proceeded to a jury trial on May 6, 2019. The Commonwealth's evidence included three videos which contained commentary by Detective Walker about his observations and opinions when he encountered Appellant and the marijuana plants. These videos, which were presented for the purpose of demonstrating that Appellant was the cultivator of the marijuana, were played for the jury over defense objections. In the videos, Detective Walker stated the following: that Appellant was uncooperative; that Appellant told the neighbors that he owned the property; that trees on the property had been cut down or had bark removed to kill them; and that there were a myriad of items present from chairs to beverage cans indicating that Appellant spent substantial time on the parcel. Other evidence was adduced, including Appellant's testimony, and testimony that the water meter next door to the subject parcel had been placed in Appellant's name in November 2017.

---

[1] Kentucky Revised Statutes ("KRS") 218A.1423(1) and KRS 532.080.

At the conclusion of the trial, the jury returned a verdict finding Appellant guilty of cultivating more than five marijuana plants. The jury also determined that Appellant was a first-degree persistent felony offender, which enhanced his three-year sentence to 15 years in prison. Appellant's motions for a judgment notwithstanding the verdict and for a new trial were denied, and this appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that he was improperly denied his right to a fair and impartial jury.[2] During *voir dire*, the trial court asked the jury panel if anyone knew anything about the case that was being tried. Ricky Luttrell stated that he had once given Appellant "a ride home" but did "not really" know anything about the case. Some time later, when questioned again, Luttrell stated that he took Appellant "home" to "Bryant Ridge."

Thereafter, Appellant sought to strike not only juror Luttrell but the entire jury, as the jurors heard Luttrell state that he took Appellant home on the same road where the marijuana field was located. This, Appellant argued, tainted the jury because Luttrell's statement during *voir dire* gave support to the Commonwealth's claim that Appellant exercised control over the parcel and cultivated marijuana. Upon considering the matter, the trial judge found no

---

[2] We will address this issue first, as it renders the remaining issues moot.

prejudice and overruled Appellant's motion. Luttrell was subsequently excused for cause, after he acknowledged that he had formed an opinion about Appellant's guilt because of the conversation they had during the ride home.

The question for our consideration is whether the Casey Circuit Court erred in failing to sustain Appellant's motion to strike the jury panel based on its members hearing Luttrell state that he took Appellant home to Bryant Ridge Road.[3] We must answer this question in the affirmative. Criminal defendants are guaranteed the right to an impartial jury by the Sixth Amendment to the United States Constitution, as well as Section Seven and Section Eleven of the Kentucky Constitution. *Commonwealth v. Douglas*, 553 S.W.3d 795, 799 (Ky. 2018). "Denial of a defendant's right to an impartial jury is a structural error. . . . [T]he defining feature of a structural error is that it affect[s] the framework within which the trial proceeds, rather than being simply an error in the trial process itself." *Id.* at 799-800 (internal quotation marks and citations omitted). A structural error is not subject to the harmless error doctrine as prejudice is presumed. *Id.* at 799.

In response to questioning, Luttrell stated in open court, and in the presence of the jury panel, that he gave Appellant a ride "home." The Commonwealth repeated Luttrell's statement before the jury and then elicited

---

[3] The video recording of bench conference where Appellant moved to strike the jury is almost completely inaudible. The parties agree, however, that Appellant moved to strike both juror Luttrell and the entire jury.

Luttrell to state that "home" was at "Bryant Ridge." The Commonwealth's case against Appellant centered on whether he cultivated more than five marijuana plants in violation of KRS 218A.1423(1). In order to prove the elements of the offense, the Commonwealth sought to demonstrate that Appellant was not merely an innocent and disinterested party observed wandering through a marijuana patch, but instead that he exercised dominion and control over the parcel and was himself the grower of marijuana. Luttrell's statement before the jury pool bolstered the Commonwealth's case against Appellant by informing the jury pool members that Appellant's home was located on Bryant Ridge Road. Consider that Luttrell, in theory, could have been a witness for the Commonwealth, and might have testified that he knew Appellant lived on Bryant Ridge Road because he had given Appellant a ride home. Such evidence would have served to refute Appellant's claim he was not associated with the Bryant Ridge parcel and did not know anything about the marijuana plants. While such statements would have been proper if offered as evidence during the trial, they were not properly made, albeit inadvertently, during *voir dire* before the jury pool.

The Commonwealth makes a compelling argument that the evidence presented at trial was sufficient to convict Appellant irrespective of Luttrell's statements before the jury pool. It also properly notes that Luttrell's statements were made during an hours-long *voir dire* proceeding in advance of the jury pool

-6-

members having any inkling as to their relevance. The issue before us, however, is not whether the evidence presented at trial was sufficient to convict Appellant. The salient question is whether Appellant received a fair trial before an impartial jury. Because Luttrell's statements bolstered the Commonwealth's case against Appellant – even if only slightly – and as prejudice is presumed in matters of jury impartiality and is not subject to a harmless error analysis, *Douglas*, 553 S.W.3d at 799, we conclude that trial court erred in denying Appellant's motion to strike the jury pool.

Appellant also argues that the Commonwealth should not have been allowed to introduce new evidence on the day of trial that Appellant had a water meter in his name; that jury pool member James Smith Roy should have been excused based on what Roy characterized as defense counsel's rudeness outside of court; and, that the trial court erred in allowing the Commonwealth to introduce three videos containing the improper opinions and hearsay of the lead detective. Having determined that the jury pool should have been struck, we hold these arguments are moot.

## CONCLUSION

We conclude that Luttrell's statements before the jury pool, which are not subject to the harmless error doctrine and carry with them a presumption of

prejudice, required the trial court to strike the jury pool.  For this reason, we reverse the judgment of the Casey Circuit Court and remand for a new trial.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Kathleen K. Schmidt
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky